# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLEOTHER TIDWELL, | ) | |
| *also known as* CLEO TIDWELL, | ) | |
| NO. N41754, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 18-cv-1448-SMY |
| | ) | |
| LORIE A. CUNNINGHAM, | ) | |
| KEVIN KINK, and | ) | |
| JOHN DOES 1-4 | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Cleother Tidwell (a/k/a Cleo Tidwell), an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred at Lawrence. Specifically, Tidwell contends Health Care Unit Staff at Lawrence have repeatedly violated Illinois Administrative Directive 03.02.110 with impunity. Tidwell commenced this action on July 3, 2018, in the United States District Court for the Northern District of Texas. Because venue was improper in that district, the action was transferred to this judicial district pursuant to 28 U.S.C. § 1406(a). (Doc. 4). This matter is now before the Court for case management.

Tidwell is a restricted filer in this District, and he would not have been permitted to file his Complaint in this Court. *See Tidwell v. Menard C.C. et al.,* No. 3:16-cv-384-SMY-RJD (Doc. 43). The subject filing ban, issued on August 10, 2017, provides as follows:

> Cleother Tidwell is **SANCTIONED** with a $500 fine, to be paid before any other
> civil litigation will be filed. This fine is in addition to any other filing fees owed

to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(16-cv-384-SMY-RJD, Doc. 43, p. 7). Tidwell appealed the filing ban. *See Tidwell v. Clendenin, et al.,* Appellate Case. No. 17-3020 ("Appellate Case"). But the Seventh Circuit denied Tidwell's Motion for Leave to Appeal *in Forma Pauperis*, finding Tidwell failed to identify "a good faith issue that the district court erred in denying [Plaintiff's] motions and imposing sanctions and a filing ban." (Appellate Case, Doc. 17). Subsequently, on January 10, 2018, the appeal was dismissed for failure to pay the filing fee. (Appellate Case, Doc. 20). Thus, the filing ban remains in place.[1]

Tidwell filed this latest case in the Northern District of Texas, a district with no connection to the claims or litigants involved in this case, perhaps in an effort to avoid the subject filing ban. After all, as Tidwell is well aware, when he attempts to file papers in this District, where the Clerk of Court is familiar with his litigation history, the staff returns his papers unfiled in accord with the filing ban.

Notably, Tidwell has tried this trick approximately 4 times, including this attempt. On April 2, 2018, Tidwell filed a civil rights action in the Western District of Louisiana, bringing claims pertaining to his incarceration at Lawrence. *See Tidwell v. Kink*, No. 18-cv-959-DRH. That action also was transferred to this District for improper venue. On April 18, 2018, the presiding judge administratively closed the case and advised Tidwell that continued attempts to avoid the filing ban might result in additional sanctions. *See Tidwell v. Kink*, No. 18-cv-959-

---

[1] Although Tidwell is a restricted filer, it was proper for the Clerk of Court to accept the transfer because a judge in the transferor district signed an order transferring the case, and it is not for the Clerk of this Court to refuse to honor such a judicial order. *See Hall v. Stone*, 170 F.3d 706, 708 (7th Cir.1999) ("Even an invalid judicial order must be obeyed until it is stayed or set aside on appeal.").

DRH, Doc. 4, p. 3. Plaintiff brought another suit related to the conditions at Lawrence in the Northern District of New York, and that case was transferred to this District and closed on June 6, 2018. *See Tidwell v. John/Jane Does*, No. 18-cv-1811-NJR. Plaintiff also brought a suit regarding Lawrence in the Southern District of West Virginia with the same result. *See Tidwell v. Kink*, No. 18-cv-1691-MJR.

This action constitutes yet another attempt to circumvent the filing ban, and it will not be tolerated. Tidwell is a restricted filer in this District. Accordingly, consistent with the filing ban, this action will be immediately dismissed. Additionally, additional sanctions will be imposed. Tidwell began filing new suits in other districts in April of this year. Despite the Court's repeated warnings, Tidwell has continued to do so, and did so as recently as August 6, 2018, more than 4 months after the Court first warned him about the practice. Although mindful of the maxim that one can't get blood from a stone, the Court imposes an additional $500 sanction upon Plaintiff, to be paid prior to any future civil filings, and re-imposes the filing ban because it finds that Tidwell's filings are frivolous and evidence of misconduct. *See In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000); *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) (finding that courts have inherent authority to protect themselves from vexatious litigation and imposing a $500 fine and entering a filing ban pursuant to *Support Systems Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).

### Disposition

The Court **DIRECTS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** this action. No filing fee shall be assessed.

**IT IS HEREBY ORDERED** that Cleother Tidwell is **SANCTIONED** with an additional **$500** fine, to be paid before any other civil litigation will be filed. This fine is in

addition to any other filing fees and/or sanctions owed to this District.  The Court also re-imposes the filing ban on the same conditions as previously imposed.  In accordance with this precedent, Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court _no earlier_ than two years from the date of entry of _this_ Order, assuming that he fails to pay the balance of his filing fees within that 2-year time period.

**IT IS SO ORDERED.**

**DATED:  September 18, 2018**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**United States District Judge**
